IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE                                                         : CHAPTER 13
                                                              :
JEFFREY DIPINTO                                               : BANKRUPTCY NO. 06-10112
            DEBTOR                                            :

# OPINION

By:   STEPHEN RASLAVICH, UNITED STATES BANKRUPTCY JUDGE.

*Introduction*

Before the Court is a Certification of the Debtor's Counsel for Waiver of Credit Counseling Requirement Pursuant to 11 U.S.C. Sec. 109(h)(3).  For the reasons set forth below, the request for a waiver will be denied and the Debtor's petition will be dismissed.

*Factual Background*

The Debtor filed this Chapter 13 petition on January 10, 2006 without having first obtained credit counseling as required by recent changes to the Bankruptcy Code.  In lieu of a certificate reflecting completion of credit counseling, Debtor's counsel filed a request for a waiver of that requirement.  It is asserted that exigent circumstances entitle the Debtor to a waiver.  The Certificate recites that a Sheriff's Sale of the Debtor's property was scheduled for January 10 but that he had a "commitment to sell th[at] property." Certification, ¶¶1,2.  The Certificate further recites that the Debtor first contacted counsel regarding filing a bankruptcy at 7:30 p.m. on January 9, 2006,  but was told by counsel that he needed credit counseling in order to commence a case.  *Id.* ¶ 3.  The Debtor thereafter contacted a credit counseling service by telephone, seeking

to obtain counseling but, according to the Certificate, was informed that the earliest date available was January 31. *Id.* ¶¶ 4,5. Counsel then told the Debtor to try to obtain counseling sooner. *Id.* ¶ 6. This is the basis upon which the Debtor makes the present request.

*Credit Counseling*
*Under the BAPCPA*

The Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA) has added a new eligibility requirement to §109 of the Bankruptcy Code. New subsection (h) provides that a person intending to file bankruptcy must first undergo credit counseling:

> Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section, an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

11 U.S.C. § 109(h)(1). Because Congress placed this requirement in §109, the section that govern the fundamental eligibility to "be a debtor," this new provision has been described as a "first level requirement for someone seeking bankruptcy relief." *In re Wallert*, 332 B.R. 884, 890-91 (Bankr.D.Minn.2005). As the Court in *Wallert* noted

> Congress's goal seems to be to discourage the practice of hastily filing for bankruptcy, even if that be in the face of foreclosure, repossession, or garnishment, and to discourage debtors from deferring their first consideration of bankruptcy until the very eve of such decisive events in the exercise of creditors' remedies.

332 B.R. at 889.  However, the requirement is not without its exceptions.  For example, paragraph (3) of subsection (h) provides:

> (3)(A) Subject to subparagraph (B), the requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that--
>
> (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
>
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and
>
> (iii) is satisfactory to the court.
>
> (B) With respect to a debtor, an exemption under subparagraph (A) shall cease to apply to that debtor on the date on which the debtor meets the requirements of paragraph (1), but in no case may the exemption apply to that debtor after the date that is 30 days after the debtor files a petition, except that the court, for cause, may order an additional 15 days.

11 U.S.C. § 109(h)(3).  These elements are stated in the conjunctive, meaning that each element must be satisfied before the court can permit the extension of time.  *In re Graham*, 2005 WL 3629925 *2 (Bankr.W.D.Ky.)   The Court will examine whether the record before it supports the Debtor's request for a waiver.

*Has the Debtor
Provided a Certification?*

The Court begins with the threshold requirement of this exception: that the Debtor "certify" his unsuccessful efforts to obtain credit counseling.  For a written

statement to have any evidentiary effect in a federal court, such statement must contain at least the following:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
> (1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).
>
> (Signature)".
>
> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
>
> (Signature)".

28 U.S.C. § 1746. *See In re La Porta*, 332 B.R. 879, 881 (Bankr.D.Minn.2005) ("Under federal law, a "certification" must be "subscribed," i.e., signed by the declarant. It also must contain the declarant's statement that the content of the document is true and correct, with an acknowledgment that the declarant is under the penalty of perjury in making the statement." quoting 28 U.S.C. § 1746); *In re Hubbard*, 332 B.R. 285, 289 (Bankr.S.D.Tex.2005) (finding that unverified motion is not a certification for purposes of § 109(h)(3)). In this case, the Debtor made no certification or statement whatsoever; it

was his counsel whose signature appears on the document entitled "Certification." The Court, then, has no statement from the Debtor – sworn to or otherwise – attesting to his efforts to obtain credit counseling. The Debtor's request, accordingly, must be denied on this basis alone.

*Whether The Exigent*
*Circumstances Merit a Waiver*

But even had the Debtor submitted a proper certification, his claimed exigency does not persuade. The "exigent circumstances" which the Debtor points to in support of a waiver is the imminent Sheriff's sale of his property. Courts interpreting this term agree that an imminent foreclosure sale or repossession constitutes an exigency.[1] But that is not the end of the inquiry. Significant is the language which follows: "exigent circumstances [must] merit a waiver." In a case with strikingly similar facts, the Bankruptcy Court for the Western District of Missouri explained that the analysis must delve deeper:

> Here, the Debtor alleges that she first consulted counsel and sought credit counseling at approximately 5:00 p.m. on the afternoon prior to the date of the scheduled foreclosure sale on her residence. At first blush, the imminence of the proposed sale would appear to satisfy the exigent circumstances requirement. *See, e.g., In re Hubbard*, 333 B.R. 377, 384-85 (Bankr.S.D.Tex.2005). Upon closer examination, this Court has some doubt on the issue. The statute requires that the Court find that there are exigent circumstances that "merit a waiver" of the requirement that

---

[1] *See, e.g., In re Davenport*, 2005 WL 3292700 (M.D.Fla.) (repossession of family's only means of transportation constitutes exigent circumstances); *In re Graham*, 2005 WL 3629925 *3 (holding that impending creditor action constitutes exigence circumstances); *In re Valdez*, 2005 WL 3526495 (Bankr.S.D.Fla.) (foreclosure sale constitutes exigent circumstances); *Miller, supra*, *2 (sheriff's sale constitutes emergency); *In re Hubbard*, 333 B.R. 377 , 384 (Bankr.S.D.Tex.2005) (loss of family home unless immediate relief granted is exigent circumstances).

> the debtor obtain counseling services prior to filing. This suggests that the Court should consider all the facts and circumstances relating to the debtor's alleged inability to obtain credit counseling prior to filing a petition for relief. In other words, the focus should be not so much on the imminence of the event that threatens the debtor with loss of property and requires filing of the petition for relief in order to invoke the automatic stay, but on the reasons why the debtor was unable to obtain the required credit counseling prior to having to file for relief.

*In re Talib (I)*, 2005 WL 3272411 *3 (Bankr.W.D.Mo.)  In examining the Certification offered by the debtor, the Court in *Talib* found that

> [t]he Debtor offers no explanation, however, as to why it would not have been possible for her to request the required credit counseling well in advance of the scheduled foreclosure sale. In the absence of such an explanation, the Court finds it difficult to determine whether the circumstances are such that a waiver of the prepetition credit counseling requirement is merited. Assuming the holder of the deed of trust on Debtor's residence complied with Missouri law (and its publication and notice requirements) the Debtor has been apprised of the date of the pending foreclosure sale for several weeks … Based on the Certification submitted, the Court would be justified in finding that the exigent circumstances which make it necessary for the Debtor to request authorization to file without having first obtained credit counseling were of the Debtor's own making … Put another way, the Certification would not be "satisfactory to the Court."

*Id.*  Similar to the above, even assuming that the document entitled Certification was satisfactory in form, its substance is lacking.  The present Debtor, like the debtor in *Talib (I)*, waited until much less than 24 hours prior to a Sheriff's Sale to first attempt to arrange for credit counseling.[2]  The Debtor clearly could not have just learned of the

---

[2] As previously noted, the Debtor first appeared at counsel's office at 7:30 p.m, 2 ½ hours after the close of normal business hours on the evening before the Sheriff sale of his property.

sale; due process requires that property owners in danger of losing their assets to judicial sales be notified well in advance.[3]  As one Bankruptcy Court has explained:

> Foreclosures do not come without a good deal of advance notice.  To a lesser degree, neither do garnishments or executions on judgments.  Impending trial dates and other similar motivators also do not spring up overnight.  Nonbankruptcy law has myriad procedural protections for debtors, providing advance notice of what might occur and when. Waiting, therefore, until the eve of creditor action before addressing the § 109(h) prerequisite for filing bankruptcy makes the exigency rather self-inflicted.

*In re Rodriguez*, 2005 WL 3676825 *8 (Bankr.D.Idaho).   In the opinion of this Court, it does not suffice for present purposes for the Debtor to simply say that he had found a last minute buyer for his property.  *See In re Randolph*, 2005 WL 3408043 *1 (Bankr.M.D.Fla.) (finding it "highly unlikely that if Debtor had prioritized obtaining counseling, then she would have been unable to meet that requirement."); *In re Talib II*, 2005 WL 3429224 *3 (Bankr.W.D.Mo.) (finding that the debtor bore some responsibility for the inability to obtain counseling having failed to address the situation until the day before the sale).  The credit counseling industry itself deems two days to be the time period between which a request for counseling is made and the actual counseling occurs.  *See* Leslie E. Linfield, *Strange Bedfellows: Bankruptcy Reform and Mandatory Credit Counseling*, 24 Am. Bankr.Inst. J. 12, n. 9 (May 2005) (citing the *Best Practices*

---

[3] Even before the mortgage company filed its foreclosure complaint, it was required to give the Debtor at least 30 days notice (known as an "Act 6 Notice") of its intention to foreclose. 41 P.S. § 403(a).  Likewise at least another month would pass before a judgment could be obtained and the Sheriff's Sale scheduled.  The Debtor, thus, had ample time to seek prepetition credit counseling.

*Guidelines* published by the Association of Independent Consumer Credit Counseling Agencies which calls for such agencies to offer an appointment within two business days of a request).

In sum, under these circumstances, the Court concludes that the present Debtor's exigency does not merit a waiver.

*The Efforts to
Obtain Counseling*

Aside from the lack of an excuse for the delay, the Debtor's efforts to obtain credit counseling are, in the opinion of the Court, both deficient and suspect.  It is alleged that the Debtor contacted one credit counselor, CCCS, but was informed that he could not be given an appointment for 22 days.  Certification, ¶ 5.  There are, however, 13 other approved credit counseling agencies in this District.[4]  *See In re Booth,* 2005 WL 3434776 *1 (Bankr.N.D.Fla.) (noting that the UST has approved 7 agencies for credit counseling in that District) *but also see, contra, In re Hubbard*, 333 B.R. at 387 (holding that BAPCPA does not require Debtor to contact more than one credit counseling agency).  Although the Sheriff's Sale was to occur within a matter of hours, the Debtor certainly could have tried to contact other credit counseling agencies. Moreover, the new law specifically allows a prospective debtor to obtain the counseling via the internet or telephone[5] so it is quite possible that this could have been completed instantly, in a matter of hours, or first thing the next morning.  *See Booth, supra* *1; *Talib I* *5; *see also* 2 *Collier on Bankruptcy* ¶ 109.09[3] (Matthew Bender 15th Ed. Revised)

---

[4]*See* the U.S. Trustee's website, www.usdoj.gov/ust/eo/bapcpa/ccde/cc_approved.htm.

[5]11 U.S.C. § 109(h)(1).

(noting that if services are available over the Internet and by telephone, then there will rarely be a situation in which the debtor cannot obtain the necessary briefing within hours of seeking it).  To allow the Debtor under these circumstances to fulfill his obligation by contacting but a single credit counselor would reward token effort.  In sum, the Court finds wholly *un*satisfactory both the Debtor's claim of exigent circumstances and his efforts to obtain counseling despite the late hour.  His request for a waiver will, therefore, be denied.

*The Timing of the
Request For Counseling/
Threshold Requirement*

In the interest of completeness, the Court will consider whether, if the Debtor had filed a proper certification which described exigent circumstances that merited a waiver, and was satisfactory to the Court, the Debtor would have also satisfied the requirement of unsuccessfully contracting a counseling agency that could provide him with counseling within five days of the date of his request.  The statute at § 109(h)(3)(A)(ii) requires the Debtor's certification to state that the credit counseling agency contacted by the Debtor informed him that counseling could not be furnished within the 5 day period beginning on the date on which the Debtor made the request.  Some think it is less than completely clear whether this provision requires the request to have been made 5 days prior to the date of the commencement of the Bankruptcy case, or whether the 5 day period can straddle the date on which the bankruptcy case is commenced.

A literal reading of the statute clearly does not require that the five days during which the debtor is unable to get counseling after having requested it be 5 days prior to the anticipated bankruptcy filing date.  Yet, if the prepetition counseling requirement is

not interpreted that way it is easy to see how inconsistencies might follow.  Consider, for example, the case of two individuals who intend to file bankruptcy because their homes are scheduled for Sheriff's Sale in fewer than five days.  Assume that one of the two contacts a credit counselor 4 days prior to the sale.  Assume that this individual is told that he cannot be counseled until five days later: that is one day after the sale date, but one day too soon to qualify for the counseling waiver– if the statute requires a 5 prepetition day request.  That person would be barred from filing because he is not exempt from the counseling requirement.  Assume that the second individual is told that the first available appointment for counseling is 6 days later: that is also later than the date of the sale of his home, but it is more than 5 days after the request was made for counseling.  The second person thus qualifies for a counseling waiver (assuming all of the other conditions of 109(h)(3) are met).  Here then would be two prospective debtors, neither of whom, admittedly, is particularly diligent in attending to their financial problems; still, the less proactive of the two obtains critical relief denied to the other.  This is arguably an unfair result, given the *de minimis* difference between the two scenarios.  Interpreted in this fashion the statute, ironically, could reward the prospective debtor who waits until the last minute to seek counseling and is <u>fortunately</u> unable to obtain it within 5 days!  As noted, this portends some potentially unfair outcomes.  As one Court has explained:

> The statute does nothing more than mandate debtors to recognize and start dealing with their straits of insolvency squarely, at least a week before they will bloom out to an actual, permanent economic loss. As Congress clearly contemplated, within that week one would either lay the eligibility issue to rest by snagging the counseling agency's certificate, or would qualify for the temporary exemption and,

> in tandem, lay the groundwork to get the briefing and
> counseling promptly after filing for bankruptcy

*Wallert*, 332 B.R. at 890.  There are no reported decisions holding that the five day period of § 109(h)(3)(ii) must elapse prepetition.  However, one court has noted in *dicta*, at least, that the statute must be read that way.  *See In re Cleaver*, 333 B.R. 430, 435 (Bankr.S.D.Ohio 2005) (noting in *dicta* that 109(h)(3)(ii) would appear to require a five-day waiting period before a debtor could file a petition together with their certification).  This Court is respectfully constrained to disagree.

The Court suspects that the likely intention of Congress was to impose a five prepetition day counseling attempt.  Although it cannot conclude so to a certainty, given the language adopted.  Moreover, legislative history is of no help on this point.  As noted above, a contrary reading could reward dilatory conduct.  Credit counseling, furthermore, will arguably be of little benefit if it is received by an individual mere hours before a sheriff sale of the individual's residence.  Indeed, one purpose of the counseling is presumably to assist individuals in identifying whether there are feasible alternatives to bankruptcy.  Nevertheless, if a five prepetition day requirement was what Congress intended, it simply did not put that requirement in the statute.  Where the statue is unambiguous the Court must interpret it as it is written, not as it thinks it should have been written.[6]  Thus, while the Court finds merit to the argument that the

---

[6] [W]here, as here, the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989) *quoting Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917).  The Supreme Court recently interpreted *Caminetti* to mean that "[its] task is to give effect to the will of Congress, and where its will has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive." *United States v. One "Piper" Aztec "F" Deluxe*

requirement probably should be five prepetition days, the Court cannot conclude that the plain reading of the statute supports that result.

*Summary*

To summarize the present request for a waiver of the new Bankruptcy Code requirement of prepetition credit counseling must be denied as it fails to satisfy two of the three part conjunctive test for the entitlement to such a waiver. To recapitulate these: 1) the Debtor failed to file a sufficient certification; 2) the pending foreclosure sale of the Debtor's residence, while constituting an exigent circumstance  is not one which merits a waiver due to the Debtor's dilatory conduct; and 3) the Debtor's nominal effort to secure prepetition credit counseling prior to the sale of his property renders the certification otherwise unsatisfactory to the Court.

An appropriate order follows.

By the Court:

_____
Stephen Raslavich
United States Bankruptcy Judge

Dated:   January 30, 2006

---

*Model 250 Aircraft*, 321 F.3d 355, 358 (3d Cir.2003) *quoting Negonsott v. Samuels*, 507 U.S. 99, 104, 113 S.Ct. 1119, 122 L.Ed.2d 457 (1993).   Where the meaning is unambiguous, the Court should make no further inquiry unless the literal application of the statute will end in a result that conflicts with Congress's intentions. *See Armstrong World Industries, Inc.*, 432 F.3d 507, 512 (3d Cir. 2005) *citing Ron Pair* at 242, 109 S.Ct. at 1031.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE | : CHAPTER 13 |
| | : |
| JEFFREY DIPINTO | : BANKRUPTCY NO. 06-10112 |
| | : |
| DEBTOR | : |

## ORDER

AND NOW, upon consideration of the Certification of the Debtor's Counsel for Waiver of Credit Counseling Requirement Pursuant to 11 U.S.C. Sec. 109(h)(3) and for the reasons set forth in the attached Opinion, it is hereby

ORDERED that the request for waiver of the credit counseling requirement is Denied; and it is further

ORDERED that this case is dismissed.

By the Court:

STEPHEN RASLAVICH,
United States Bankruptcy Judge

Dated: <u>January 30, 2006</u>

**MAILING LIST:**

George Conway, Esquire
Office Of The U.S. Trustee
950W Curtis Center
7th & Sansom Streets
Philadelphia PA  19106

John H. Croom, Esquire
Law Office of John H. Croom
1616 Walnut Street
18th Floor
Philadelphia, PA 19102

Jeffrey DiPinto
4307 Oakmont Street
Philadelphia, PA 19136

Frederick L. Reigle, Esquire
Chapter 13 Trustee
2901 St. Lawrence Avenue
P.O. Box 4010
Reading PA 19606